IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JAMES J. HANSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BARCLAYS BANK DELAWARE, ) | |
| TRANS UNION, LLC., EXPERIAN ) | |
| INFORMATION SOLUTIONS, INC. ) | |
| AND EQUIFAX INFORMATION SERVICES ) | JURY DEMAND |
| LLC. ) | |
| Defendants. ) | |

## COMPLAINT

### INTRODUCTION

1. Plaintiff, James J. Hanson, brings this action seeking redress against Barclays Bank Delaware, Trans Union LLC., Experian Information Solutions, Inc., and Equifax Information Services LLC. for violations of the Fair Credit Reporting Act.

### PARTIES

2. Plaintiff, James J. Hanson, is a resident of Chicago, Illinois and resides in this District.

3. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq ("FCRA") at § 1681a (c).

4. Defendant, Trans Union, LLC. ("Trans Union") is a credit reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq*.

5. Defendant, Experian Information Solutions, Inc., ("Experian") is a credit reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq*.

6. Defendant, Equifax Information Services LLC. ("Equifax") is a credit reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq*.

7. Defendant, Barclays Bank Delaware ("Barclays") is a furnisher of information as contemplated by the Fair Credit Reporting Act "FCRA") 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers.

## JURISDICTION AND VENUE

8. This lawsuit, being brought pursuant to 15 U.S.C. §1681 *et seq*. presents a federal question and as such, jurisdiction arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681 *et seq*. This Court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. § 1367.

9. All allegations and claims in this complaint stem from false and inaccurate credit reporting relating to plaintiff.

## GENERAL FACTUAL ALLEGATION

10. In the fall of 2009, Mr. Hanson started to receive notices from his credit card companies that his credit cards were either being closed or the credit limit decreased due to adverse information contained in his credit report.

11. Mr. Hanson obtained a copy of his credit report to investigate this matter as he was unaware of any current adverse information being reported on his credit report.

12. Mr. Hanson's credit report from Trans Union that Mr. Hanson has paid all of his debts on time and none of his accounts reported any late payments with the exception of three accounts.

13. Two of the three accounts were for small medical bills that were resolved in prior years. The third account was for a Barclays Bank Delaware credit card truncated number of 0234 that was purportedly opened in April 2008 and the most money used on the account was

$211.00. The account was shown as paid and closed, but was also showing the account was paid late several times.

14. This is not Mr. Hanson's account.

15. Ironically, Mr. Hanson did have a Barclays' credit card, but that card was closed by Barclays in November 2009 as a result of the adverse information in his credit report, which was the Barclay account #0234 that did not belong to plaintiff. Mr. Hanson's Barclays account is reported separately on his credit reports and shows no late payments.

**Facts Regarding TransUnion**

16. In a document dated November 16, 2009, TransUnion sent Mr. Hanson his credit report.

17. Plaintiff subsequently disputed the Barclay account #0234 with TransUnion and TransUnion verified it was correct in a letter dated November 28, 2009.

18. According to TransUnion, Barclays verified the Barclay account #0234 belonged to Mr. Hanson.

19. In a letter dated December 5, 2009, Mr. Hanson disagreed with TransUnion's investigation and in an attempt to prove the negative that he never had such an account, he offered to provide his telephone records to TransUnion to show that he never activated any such credit card with TransUnion.

20. TransUnion again asserted that it verified the account was correct with Barclays in a letter dated December 11, 2009.

21. Because Mr. Hanson had yet to receive the TransUnion December 11, 2009 letter, Mr. Hanson sent TransUnion a letter dated December 19, 2009 asserting that it had yet to respond to his December 5, 2009 letter, he again asserted the account in questions was not his and pointed out that there is no record of any use for the Barclay account #0234.

22. In a letter dated December 28, 2009, TransUnion requested that Mr. Hanson verify his address by providing two forms of identification, which included utility bills and banks statements, in order for it to complete the latest dispute request despite the fact that TransUnion had already provided him his credit report and two previous investigation results at the same address.

23. In a letter dated January 11, 2009, Mr. Hanson verified his address by providing copies of his bank statement, telephone, electric and gas bills along with a copy of his voter registration card.

24. Despite providing more than the two requested forms of identification and despite the fact that TransUnion had already been communicating with Mr. Hanson at his address, TransUnion claimed his proof of address was unacceptable in a later dated January 15, 2010.

25. However, in a letter dated December 30, 2009, TransUnion again asserted that it verified the account was correct with Barclays and its investigation was complete. TransUnion did not provide any facts or documentation to Mr. Hanson to show that the account was his despite Mr. Hanson's letter that asserted that no such documents exist.

26. At the time of filing this complaint, TransUnion is still reporting Mr. Hanson was delinquent on an account that was not his account.

27. Upon information and belief and based on TransUnion's letters, TransUnion sent notice of plaintiff's dispute to Barclays.

28. Upon information and belief and based on TransUnion's letters, Barclays falsely verified the account information to TransUnion.

29. Upon information and belief, TransUnion relied exclusively upon Barclays verification to determine that the item was accurate and did not request any documentation as to the trade line despite plaintiff's assertion that no such documentation could exist as to him.

30. TransUnion's reinvestigation was unreasonable as it only copied what

Barclays informed it and failed to undertake any investigation of its own.

### Facts Regarding Experian

31. On February 1, 2010, plaintiff wrote Experian requesting that it delete the Barclay account #0234. Plaintiff requested that Experian look into this matter and inform him how something like this could happen.

32. By letter dated February 24, 2010, Experian advised plaintiffs that the Barclay account #0234 was verified as correct by Barclays and would remain on his credit report.

33. Upon information and belief and based on Experian's February 24, 2010 letter, Experian sent notice of the reinvestigation to Barclays.

34. Upon information and belief, Barclays falsely verified the account information to Experian.

35. Upon information and belief, Experian relied exclusively upon Barclays's verification and did not request any documentation as to the trade line despite plaintiff's assertion that the account was not his and he never used any such card.

36. Experian's reinvestigation was unreasonable as it only copied what Barclays informed it and failed to undertake any investigation of its own.

### Facts Regarding Equifax

37. On February 1, 2010, plaintiff wrote Equifax requesting that it delete the Barclay account #0234. Plaintiff requested that Equifax look into this matter and inform him how something like this could happen.

38. By letter dated February 24, 2010, Equifax advised plaintiff that the Barclay account #0234 was verified as correct by Barclays and would remain on his credit report.

39. Upon information and belief and based on Equifax's February 24, 2010 letter,

Equifax sent notice of the reinvestigation to Barclays.

40. Upon information and belief, Barclays falsely verified the account information to Equifax.

41. Upon information and belief, Equifax relied exclusively upon Barclays's verification and did not request any documentation as to the trade line despite plaintiff's assertion that the account was not his and he never used any such card.

42. Equifax's reinvestigation was unreasonable as it only copied what Barclays informed it and failed to undertake any investigation of its own.

43. Plaintiff has suffered damages as a result of the incorrect reporting and Barclays's failure to correct the credit reports.

### COUNT I (Experian) - FCRA 15 U.S.C. § 1681 *et seq.*

44. Plaintiff realleges and incorporates the above factual paragraphs herein.

45. The appearance of the incorrect Barclays trade lines was the direct and proximate result of Experian's failure to maintain reasonable procedures to assure the maximum possible accuracy of plaintiff's credit report in violation of the FCRA, 15 U.S.C. § 1681 e (b).

46. Experian negligently failed to maintain reasonable procedures to assure them maximum possible accuracy of plaintiffs' credit report in violation of the FCRA, 15 U.S.C. § 1681e (b) and 1681o; alternatively Experian willfully failed to maintain reasonable procedures to assure the maximum possible accuracy of plaintiff's credit report in violation of 15 U.S.C. §§ 1681 e (b) and 1681n.

47. Experian has failed to conduct reasonable reinvestigation of plaintiffs' consumer disputes.

48. Experian has negligently violated the FCRA, 15 U.S.C. §§ 1681i and 1681o; alternatively Experian has wilfully violated the FCRA, 15 U.S.C. §§ 1681i and 1681n.

49. Plaintiff has suffered damages as a result of this violation of the FCRA.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff, and against Experian:

A. Actual, statutory and punitive damages that may be proved by Plaintiffs at trial;

B. Attorney fees and costs pursuant to 15 U.S.C. §1681n; and

C. Any other relief the Court deems just and proper.

### COUNT II (Equifax) - FCRA 15 U.S.C. § 1681 *et seq*.

50. Plaintiff realleges and incorporates the above factual paragraphs herein.

51. The appearance of the incorrect Barclays trade lines was the direct and proximate result of Equifax's failure to maintain reasonable procedures to assure the maximum possible accuracy of plaintiff's credit report in violation of the FCRA, 15 U.S.C. § 1681 e (b).

52. Equifax negligently failed to maintain reasonable procedures to assure them maximum possible accuracy of plaintiff's credit report in violation of the FCRA, 15 U.S.C. § 1681e (b) and 1681o; alternatively Equifax willfully failed to maintain reasonable procedures to assure the maximum possible accuracy of plaintiff's credit report in violation of 15 U.S.C. §§ 1681 e (b) and 1681n.

53. Equifax has failed to conduct reasonable reinvestigation of plaintiff's consumer disputes.

54. Equifax has negligently violated the FCRA, 15 U.S.C. §§ 1681i and 1681o; alternatively Equifax has wilfully violated the FCRA, 15 U.S.C. §§ 1681i and 1681n.

55. Plaintiff suffered damages as a result of this violation of the FCRA.

WHEREFORE, plaintiff request that the Court enter judgment in favor of plaintiff, and against Equifax:

    A.    Actual, statutory and punitive damages that may be proved by Plaintiff at trial;

    B.    Attorney fees and costs pursuant to 15 U.S.C. §1681n; and

    C.    Any other relief the Court deems just and proper.

### COUNT III (TransUnion) - FCRA 15 U.S.C. § 1681 *et seq.*

56.    Plaintiff realleges and incorporates the above factual paragraphs herein.

57.    The appearance of the incorrect Barclays trade lines was the direct and proximate result of TransUnion's failure to maintain reasonable procedures to assure the maximum possible accuracy of plaintiff's credit report in violation of the FCRA, 15 U.S.C. § 1681 e (b).

58.    TransUnion negligently failed to maintain reasonable procedures to assure them maximum possible accuracy of plaintiff's credit report in violation of the FCRA, 15 U.S.C. § 1681e (b) and 1681o; alternatively TransUnion willfully failed to maintain reasonable procedures to assure the maximum possible accuracy of plaintiff's credit report in violation of 15 U.S.C. §§ 1681 e (b) and 1681n.

59.    TransUnion has failed to conduct reasonable reinvestigation of plaintiff's consumer disputes.

60.    TransUnion has negligently violated the FCRA, 15 U.S.C. §§ 1681i and 1681o; alternatively TransUnion has wilfully violated the FCRA, 15 U.S.C. §§ 1681i and 1681n.

61.    Plaintiff suffered damages as a result of this violation of the FCRA.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs, and against TransUnion:

    A.    Actual, statutory and punitive damages that may be proved by Plaintiff at trial;

    B.    Attorney fees and costs pursuant to 15 U.S.C. §1681n; and

    C.    Any other relief the Court deems just and proper.

## COUNT IV - FAIR CREDIT REPORTING ACT (Barclays)

62. Plaintiff realleges and incorporates the above factual paragraphs herein.

63. Barclays was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by plaintiff by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

64. In the event that Barclays was unable to verify the information which it had reported, Barclays was required to advise the credit reporting agency of this fact.

65. Following the reinvestigation, Barclays reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnisher under 15 U.S.C. § 1681s-2(a)(1)(A).

66. Following the reinvestigation, Barclays reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(a)(1)(B).

67. Following the reinvestigation, Barclays failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) the general duties implied to all conduct of furnisher under 15 U.S.C. § 1681s-2(a)(3).

68. Barclays negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168io; alternatively Barclays willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in plaintiff's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

69. Plaintiff has suffered damages as a result of this violation of the FCRA.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff, and against Barclays:

    A.    Actual, statutory and punitive damages that may be proved by Plaintiff at trial;

    B.    Attorney fees and costs pursuant to 15 U.S.C. §1681n; and

    C.    Any other relief the Court deems just and proper.

Respectfully submitted,
James J. Hanson, Plaintiff

By: /s/ Keith J. Keogh
    His Attorney

Keith J. Keogh
Ainat Margalit
Law Offices of Keith J. Keogh, LTD.
227 W. Monroe Street, Suite 2000
Chicago, Il 60606
312.726.1092/312.726.1093 (fax)

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Keith J. Keogh
    Keith J. Keogh

## **NOTICE OF ATTORNEY'S LIEN**

PLEASE TAKE NOTICE that plaintiff, James J. Hanson (hereinafter referred to as Claimant) has placed in our hands for suit or collection a certain suit, claim, demand or cause of action as a result of the actions of the defendant as set out in the attached complaint. You are hereby notified that said Claimant has entered into a contract with us to pay as compensation for services rendered in and about the prosecution of said suit, claim, demand or cause of action, a sum equal to our fees or one-third of any amount recovered by way of suit settlement, adjustment or otherwise plus expenses.

YOU ARE FURTHER NOTIFIED that by virtue of the Attorney's Lien Law of Illinois, Chapter 13, Illinois Revised Statutes, Section 14, as amended, we claim a lien to the extent of our interest, as above set forth in said claim, demand, suit or cause of action, which lien by virtue of said law, attached to any verdict, judgment or order entered and to any money or property which may be recovered on account of such suit, claim, demand or cause of action, from and after service of this Notice.

By: /s/Keith J. Keogh
Attorney for Claimant